WILKINS *v.* COGGIN.

(In Banc. March 5, 1934.)

[152 So. 871. No. 31058.]

**Geo. T. & Chas. S. Mitchell,** of Tupelo, and **D. W. Houston, Sr.** and **Jr.,** of Aberdeen, for appellant.

**Blair & Anderson,** of Tupelo, and **Leftwich & Tubb,** of Aberdeen, for appellee.

**Ethridge, J.,** delivered the opinion of the court.

Mrs. L. A. Wilkins, appellant, brought suit against B. G. Coggin, appellee, for personal injuries occasioned by a collision between an automobile driven by Mr. Wilkins, appellant's husband, and a truck driven by a man named Morrow, alleged, by appellant, to be an employee of B. G. Coggin.

B. G. Coggin defended upon the ground that Morrow was not his servant, and that he (Coggin) was not responsible for the negligence, if any, of Morrow in driving the truck which collided with the automobile, and that the collision was the result of the negligence of Mr. Wilkins, appellant's husband.

The evidence was conflicting as to how the collision occurred and who was at fault and as to all the facts thereof.

If Morrow was the servant of Coggin, the question was for the jury, and we understand this was admitted by attorneys for Coggin.

The court below granted a peremptory instruction for the appellee, Coggin, and, if the judgment is to be upheld, it must be upon the theory that Morrow, in operating the truck, was an independent contractor, and not an employee of Coggin.

To make out a case for the appellant, plaintiff in the court below, Mr. Wilkins, her husband, testified to certain statements tending to show that Coggin recognized Morrow as being his employee, and also recognized his

(Coggin) liability. Mr. Wilkins testified that on the morning following the accident he met Coggin at the scene of the wreck and had conversation with him, and that Coggin stated there was no doubt in his mind but that he was responsible for the accident, that a traveling salesman drew a map of the locus of the accident, and that Coggin said to Mr. Wilkins, ''You needn't worry about it, for I am directly responsible for the trucks, have a right to hire and fire them, and am responsible for them.'' Mr. Wilkins further testified that he asked Coggin if he did not think Morrow (the driver of the truck) was to blame, and he said if he was, that Coggin had complete control over the trucks and was responsible for their acts, having control and supervision over them.

The testimony for the defendant by Coggin and Morrow was to the effect that Morrow was an independent contractor, being paid only for the yardage of gravel delivered to the highway; that Coggin had a contract with the highway department to haul gravel for the road, varying somewhat for the distance of the haul, and that he sublet to Morrow the contract to haul at a price less than Coggin received; that Morrow was to furnish the truck and labor, do the mining, loading, and unloading of the gravel; and that Coggin had no control over the trucks, and no right to terminate the contract, except where the highway department would make complaint that the gravel was not delivered and spread in accordance with its contract with Coggin.

It was the theory of the court below that Morrow was an independent contractor, and that the testimony of Coggin and Morrow was not overcome by the testimony concerning Coggin's admissions, given by Mr. Wilkins. Coggin contradicted Mr. Wilkins as to what was said, stating that he (Coggin) did not recognize his liability, and did not state he had the right to fire and hire operators of the trucks.

We think the law is sufficiently settled in previous decisions, and that the only question for our decision here is whether the facts testified to by Mr. Wilkins were sufficient to go to the jury and to sustain a verdict upon the theory that the facts admitted by Coggin established liability. If the admissions stood alone, they would unquestionably support a verdict. The conflict in the evidence between Mr. Wilkins and Coggin as to the admissions was a question for the decision of the jury.

Accepting the admissions as having been made and as being true, we think they were sufficient to go to the jury.

We think, therefore, that the court below erred in granting the peremptory instruction, and that the case should have gone to the jury for its decision under appropriate instructions.

The judgment will therefore be reversed, and the cause remanded for a new trial.

Reversed and remanded.

**Anderson, J.,** recused himself.